**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| LICARI FAMILY CHIROPRACTIC, INC., a Florida corporation,  and PETER LICARI, individually and as representative of a class of similarly-situated persons, | § § § § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: |
| | § | 8:16-cv-03461-MSS-JSS |
| ECLINICALWORKS, LLC, | § | |
| ECLINICALDIRECT, LLC, | § | |
| ECLINICALWEB, LLC, and JOHN | § | |
| DOES 1-10, | § | |
| | § | |
| Defendants. | § | |

**MOTION OF DEFENDANTS ECLINICALDIRECT, LLC and
ECLINICALWEB, LLC TO DISMISS CLASS ACTION COMPLAINT WITH
INCORPORATED MEMORANDUM OF LAW
(DISPOSITIVE MOTION)**

Defendants ECLINICALDIRECT, LLC and ECLINICALWEB, LLC (together, "***Movants***") respectfully move to dismiss the Class Action Complaint (Dkt. 1, the "***Complaint***") against them pursuant to Federal Rule of Civil Procedure 12(b)(6).  The grounds for dismissal are set forth below.[1]

**MEMORANDUM OF LAW**

Movants are not the correct defendants in this TCPA/JFPA "junk fax" action. There are no plausible grounds alleged in the Complaint to support naming Movants as defendants when:   a.)   Movants are not listed, identified or mentioned on the sole facsimile at issue ("**Fax**", attached at Exhibit A hereto); b.) the Complaint cites no facts plausibly suggesting that the Fax was sent on Movants' behalf, as a practical matter or

---

[1] If this Motion is granted, this case would proceed with eClinicalWorks, LLC as the sole defendant.

due to corporate affiliation; and c.) Plaintiffs' counsel knows there are no grounds to include the Movants as defendants, as counsel sought and received discovery on this issue in a previous TCPA action filed against the current Defendants, which has since been settled, yet have not added any pertinent allegations from this discovery to flesh out the conclusory assertions of its previous TCPA Complaint. *See Medical and Chiropractic Clinic, Inc. v. eClinicalWorks, LLC et al.*, Case No. 8:15-cv-1023-T-36EAJ (M.D. Fla., Notice of Settlement filed December 19, 2016; case dismissed with prejudice as of February 23, 2017) (hereafter, "**First TCPA Action**").[2]   Accordingly, Movants respectfully move that they should be dismissed from this action.

## PROCEDURAL BACKGROUND

### A.     The Complaint

Plaintiff LICARI FAMILY CHIROPRACTIC CLINIC INC. and PETER LICARI (together "Plaintiffs") bring this Complaint against Movants and non-moving defendant eClinicalWorks, LLC ("*eClinicalWorks*").   The Complaint was filed two days after the First TCPA Action was settled (which settled after those plaintiffs were denied leave to file for class certification), and repeats verbatim much of that Complaint's claims against Defendants.

This Complaint, as did the First TCPA Action, alleges a violation of the Telephone Consumer Protection Act ("*TCPA*") as amended by the Junk Fax Prevention Act ("*JFPA*"), 47 U.S.C. § 227(b)(1)(C) (2006).   The current alleged violation is based on delivery of one facsimile advertisement. *See* Dkt. 1-2.

---

[2] As discussed below, the Court denied Movant's motion to dismiss in the First TCPA Action, allowing Plaintiff in that action to take discovery to establish whether Movants are valid Defendants.  Despite this, the current Complaint contains no facts from that discovery which suggests Movants are responsible in any way for the Fax at issue.

The Complaint defines Movants and eClinicalWorks collectively as "Defendants," without further explanation.  Complaint, at p. 1.  It then states that:

> Upon information and belief, Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA, including, but not limited to, the facsimile transmissions of an unsolicited advertisement on or about February 4, 2014 ("the Fax"), a true and correct copy of which is attached hereto as Exhibit A, and made a part hereof.

(Dkt. 1 at ¶ 2.)  The Complaint continues with several conclusory assertions, claiming that "Defendants receive some or all of the revenues from the sale of the products goods and services advertised" on the Fax and "Defendants faxed the same and other unsolicited facsimiles" to "more than 40 other" unidentified recipients, but does not provide any supporting factual detail.  (Id. at ¶¶ 12-15.)

**B.**     **Movants eClinicalDirect, LLC and eClinicalWeb, LLC**

The Complaint solely identifies Movants as "Massachusetts limited liability companies with their principal place of business in Westborough, MA." (Doc. 1 at ¶ 10.) There are no other allegations which explain what type of business Movants engage in, their relationship with eClinicalWorks or their alleged connection to the Fax.

**C.**     **The Fax**

The Fax giving rise to the Complaint is attached to the Complaint, and therefore can be considered in this Motion to Dismiss.  *Horsely v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  The text of the Fax identifies "eClinicalWorks" at the top, states that "eClinicalWorks V10 is here!", generally makes claims about eClinicalWorks' software, and states at the bottom that "If you would like to opt out from fax communications please go to www.eclinicalworks.com/optoutfax."

"eclinicalWorks" is identified at least 12 times by name in the Fax.  Movants are not mentioned or identified at all.

## LEGAL STANDARD

### A.    Rule 12(b)(6) Dismissal

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations in the light most favorable to the non-moving party and accept as true all of the factual allegations asserted.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)); *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003).  To state a claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  FED. R. CIV. P. 8(a)(2).  The pleading must set forth "enough facts to state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 570.  Although a pleading challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must provide the grounds for the entitlement to relief. *Id.* at 555.  A "formulaic recitation of the elements of a cause of action" will not suffice.  *Id.*

In considering a Rule 12(b)(6) motion to dismiss, it is appropriate for a court to consider documents incorporated into the complaint and that are central to the plaintiff's claim and undisputed.  *E.g. Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsely*, *supra*; *see also Harris v. Ivax Corp.,* 182 F.3d 799, 802 n.2 (11th Cir. 1999).

### B.    The TCPA and JFPA

Section 227(b)(1)(C) of the TCPA assigns liability to any person who uses "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile

machine, an unsolicited advertisement," and section 227(b)(3) provides a private right of action for violations of section 227(b).

As to liability, the Federal Communications Commission ("*FCC*") has specifically defined the "sender" of an unsolicited facsimile advertisement as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods and services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. 64.1200(f)(10); *see Rules Implementing the Telephone Consumer Protection Act of 1991*, 21 FCC Rcd. 3787, 3808 (2006). Thus, per the Eleventh Circuit, only "person(s) whose services are advertised in an unsolicited fax transmission, and on whose behalf the fax is transmitted, may be held liable directly under the TCPA's ban on sending of junk faxes. *Palm Beach Golf Center-Boca, Inc. v. Sarris, DDS*, 781 F.3d 1245, 1254 (11th Cir. 2015).

## ARGUMENT

The Complaint does not plausibly allege that Movants are the "sender" of the Fax purportedly giving rise to liability here, and therefore Movants should be dismissed.

Movants acknowledge that they moved for dismissal from the First TCPA Action on similar grounds, but Judge Honeywell denied the Motion. Judge Honeywell did so because while the three copies of the same fax in the First TCPA Action did not mention Movants, "it appears those faxes [were] not the only ones at issue in" that action, and "Plaintiff should be given an opportunity to conduct discovery to determine the 'sender' of the faxes and the nature of the relationship among [Movants] and Defendant EclinicalWorks." [Case 8:15-cv-01-23-CEH-EAJ, Doc. 31, filed 11/20/15.] Respectfully, the conclusion does not hold here, and dismissal is appropriate for the following reasons.

First, there are no non-conclusory facts or allegations in the Complaint that plausibly suggest that Movants had anything to do with actually sending the Fax, or that the Fax was sent on their "behalf."  To the contrary, Movants are not mentioned in the Fax at all; there is no factual allegation demonstrating that the Fax actually originated from Movants; and there is no allegation establishing any relevant corporate affiliation between Movants and eClinicalWork regarding the Fax or the services and goods described in the Fax.  All there is an allegation that the Movants share the term "eClinical" and are based in Massachusetts. Plaintiffs' speculation that Movants benefited from the Fax at issue are therefore conclusory.  As such, the Complaint does not "nudge" the claims against Movants "across the line from conceivable to plausible." *Twombly, supra,* 550 U.S. at 555. *Cf. Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp.3d 129 (E.D.N.Y. 2015) (TCPA case; complaint did not allege facts establishing agency relationship sufficient to sustain liability against cruise line under vicarious liability theory; dismissal granted, citing *Twombly*).

Furthermore, pursuant to the Order in the First TCPA Action, Plaintiffs' counsel has taken discovery on the relationship between Movants and eClinicalWorks, and yet has not added any further factual allegations suggesting Movants benefitted from the Fax sent to Plaintiffs (or anyone else).  At a minimum, any such facts should be alleged or Plaintiffs should dismiss Defendants from this action.   Indeed, as pleaded, Plaintiff appears to have duplicated its prior Complaint here, without regard to whether Plaintiff has a reasonable factual basis to name Movants as Defendants here.  This sort of conduct, if true, violates Plaintiff's obligations under Fed. R. Civ. P. 11.

.

WHEREFORE, PREMISES CONSIDERED, Movants respectfully request that the Court enter an Order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing with prejudice the Class Action Complaint as to Movants, and for all other relief, general or special, at law or at equity, to which Movants may be entitled.

Dated March 6, 2017                    Respectfully submitted,

  /s/ Zina Gabsi

Zina Gabsi
**Trial Counsel**
Florida Bar No. 73789
BRYAN CAVE LLP
200 South Biscayne Boulevard
Suite 400
Miami, Florida  33131-5354
Ph. (786) 322-7500
Fax. (786) 322-7501
zina.gabsi@bryancave.com

and

Eric P. Schroeder*
Georgia Bar No. 629880
BRYAN CAVE LLP
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Telephone: 404-572-6600
Facsimile: 404-572-6999
eric.schroeder@bryancave.com

and

Keith Miles Aurzada*
Texas Bar No. 24009880
Jay L. Krystinik*
Texas Bar No. 24041279
BRYAN CAVE LLP
2200 Ross Avenue, Suite 3300
Dallas, Texas  75201

Ph. (214) 721-8000
Fax.  (214) 721-8100
keith.aurzada@bryancave.com
jay.krystinik@bryancave.com
*(Motions to appear pro hac vice
pending/forthcoming)*

**COUNSEL FOR DEFENDANTS
ECLINICALWORKS, LLC,
ECLINICALDIRECT, LLC, AND
ECLINICALWEB, LLC**

6666434.4.3

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated March 6, 2017                     Respectfully submitted,

                                         /s/ Zina Gabsi
                                        Zina Gabsi
                                        **Trial Counsel**
                                        Florida Bar No. 73789
                                        BRYAN CAVE LLP
                                        200 South Biscayne Boulevard
                                        Suite 400
                                        Miami, Florida  33131-5354
                                        Ph. (786) 322-7500
                                        Fax. (786) 322-7501
                                        zina.gabsi@bryancave.com

                                        and

                                        Eric P. Schroeder*
                                        Georgia Bar No. 629880
                                        BRYAN CAVE LLP
                                        One Atlantic Center, Fourteenth Floor
                                        1201 West Peachtree Street, N.W.
                                        Atlanta, Georgia 30309
                                        Telephone: 404-572-6600
                                        Facsimile: 404-572-6999

eric.schroeder@bryancave.com

and

Keith Miles Aurzada*
Texas Bar No. 24009880
Jay L. Krystinik*
Texas Bar No. 24041279
BRYAN CAVE LLP
2200 Ross Avenue, Suite 3300
Dallas, Texas  75201
Ph. (214) 721-8000
Fax.  (214) 721-8100
keith.aurzada@bryancave.com
jay.krystinik@bryancave.com
*(Motions to appear pro hac vice
pending/forthcoming)


**COUNSEL FOR DEFENDANTS
ECLINICALWORKS, LLC,
ECLINICALDIRECT, LLC, AND
ECLINICALWEB, LLC**

**SERVICE LIST:**

Ryan M. Kelly, Esquire
Florida Bar No. 90110
ANDERSON + WANCA
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
T: 847.368.1500
F: 847.368.1501

6666434.4.3