IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LICARI FAMILY CHIROPRACTIC, INC., a Florida corporation, and PETER LICARI, individually and as representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>ECLINICALWORKS, LLC, ECLINICALDIRECT, LLC, ECLINICALWEB, LLC, and JOHN DOES 1-10,<br><br>    Defendants. | CIVIL ACTION NO.:<br>8:16-cv-03461-MSS-JSS |

## FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant ECLINICALWORKS, LLC ("*eClinicalWorks*") hereby files this First Amended Answer and Affirmative Defenses to Plaintiff's Class Action Complaint, and in support hereof states the following:

## PRELIMINARY STATEMENT

1. eClinicalWorks admits that this case purports to challenge the alleged practice of sending unsolicited facsimiles. eClinicalWorks denies all remaining allegations (including the allegation that it has a practice of sending unsolicited facsimiles).

2. The allegations set forth in Paragraph 2 regarding the terms of the "Junk Fax Prevention Act" are legal conclusions that do not call for a response and accordingly, are denied. eClinicalWorks denies the remaining allegations of Paragraph 2.

3. Denied.

4. eClinicalWorks admits that Plaintiffs purport to bring this case as a class action, but deny that the putative class is appropriate for certification. eClinicalWorks denies all remaining allegations of paragraph 4

5. Denied.

6. eClinicalWorks admits that this is the second putative class case brought against defendants by Plaintiff's counsel, but states that all remaining allegations are legal conclusions that do not call for a response and accordingly, are denied.

## JURISDICTION AND VENUE

7. eClinicalWorks is without knowledge of the facts alleged in Paragraph 7 and such allegations are accordingly denied.

8. eClinicalWorks admits that the Court has personal jurisdiction over defendants but denies that eClinicalWorks committed a statutory tort.

## PARTIES

9. eClinicalWorks is without knowledge of the facts alleged in Paragraph 9 and such allegations are accordingly denied.

10. Denied.

11. eClinicalWorks is without knowledge of the facts alleged in Paragraph 10 and such allegations are accordingly denied.

## FACTS

12. Denied.

13. Denied.

14. eClinicalWorks is without knowledge of the facts alleged in Paragraph 14 and such allegations are accordingly denied.

15. Denied.

16. Denied.

17. Denied.

## CLASS ACTION ALLEGATIONS

18. Denied.

19. Denied.

20. eClinicalWorks denies the allegations set forth in paragraph 20, including all of its subparts.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. eClinicalWorks denies the allegations set forth in paragraph 25, including all of its subparts.

## Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 *et seq.*

26. The allegations set forth in paragraph 26 are legal conclusions that do not call for a response and accordingly, are denied.

27. The allegations set forth in paragraph 27 are legal conclusions that do not call for a response and accordingly, are denied.

28. The allegations set forth in paragraph 28 and all of its subparts are legal conclusions that do not call for a response and accordingly, are denied.

29. The allegations set forth in Paragraph 29 and all of its subparts are legal conclusions that do not call for a response and accordingly, are denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## PLAINTIFF'S PRAYER

eClinicalWorks states that no response to this paragraph is required, and further deny that Plaintiff is entitled to any relief against eClinicalWorks.

## AFFIRMATIVE AND OTHER DEFENSES

1. eClinicalWorks affirmatively states that the Plaintiffs had a duty to take reasonable steps to mitigate and/or avoid its alleged damages and failed to do so.

2. eClinicalWorks affirmatively states that Plaintiffs' class allegations are barred because the legislative intent of the Telephone Consumer Protection Act is for the consumer to appear without an attorney in a small claims court. *Local Baking Products, Inc. v. Kosher Bagel Munch, Inc.,* 421 N.J.Super. 268, 273 (N.J. Super. App. Div. 2011); *Local Baking Products, Inc. v. Westfield Rental-Mart, Inc.,* Case No. L-4701-09, 2013 WL 709257, at *2 (N.J. Super. App. Div. 2013).

3. eClinicalWorks affirmatively states that the claims of some or the alleged putative class members are subject to agreements to arbitrate or to first participate in mediation before the commencement of suit, and this Court lacks jurisdiction over such persons.

4.      eClinicalWorks affirmatively states that the statutory damages provisions of the TCPA violate the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, in addition to violating the due process clause of the Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm that may be suffered by Plaintiffs.

5.      eClinicalWorks affirmatively states that Plaintiffs' Complaint, and each cause of action alleged therein, is barred by the doctrine of unclean hands.

6.      eClinicalWorks affirmatively states that Plaintiffs' Complaint, and each cause of action alleged therein, is barred by the doctrine of waiver.

7.      eClinicalWorks affirmatively states that Plaintiffs' Complaint, and each cause of action alleged therein, is barred by the doctrine of estoppel.

8.      eClinicalWorks affirmatively states that Plaintiffs' Complaint, and each cause of action alleged therein, is barred because Plaintiffs lack standing to assert the claims alleged herein..

9.      The Complaint fails to state a claim against eClinicalWorks or any other defendant.

10.     eClinicalWorks specifically reserves the right to amend the Affirmative Defenses pleaded above and to assert additional Affirmative Defenses that become known to them during the course of discovery.

11.     <u>Reservation of Rights</u>.   eClinicalWorks reserves the right to assert additional affirmative defenses as established by the facts of the case and based upon information obtained by discovery or otherwise in this action.   eClinicalWorks also

reserves the right to assert counterclaims established by the facts of the case and based upon information obtained by discovery or otherwise in this action, including claims against those acting in concert with Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, eClinicalWorks respectfully requests that the Court enter a Final Judgment dismissing Plaintiffs' claims with prejudice, ordering that Plaintiffs take nothing by way of their claims, and awarding eClinicalWorks all other relief, general or special, at law or at equity, to which it may be entitled.

Dated May 26, 2017

Respectfully submitted,

 /s/ Jay L. Krystinik
Zina Gabsi
**Trial Counsel**
Florida Bar No. 73789
BRYAN CAVE LLP
200 South Biscayne Boulevard
Suite 400
Miami, Florida  33131-5354
Ph. (786) 322-7500
Fax. (786) 322-7501
zina.gabsi@bryancave.com

and

Eric P. Schroeder
Georgia Bar No. 629880
BRYAN CAVE LLP
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Telephone: 404-572-6600
Facsimile: 404-572-6999

eric.schroeder@bryancave.com

and

Keith Miles Aurzada*
Texas Bar No. 24009880
Jay L. Krystinik
Texas Bar No. 24041279
BRYAN CAVE LLP
2200 Ross Avenue, Suite 3300
Dallas, Texas  75201
Ph. (214) 721-8000
Fax.  (214) 721-8100
keith.aurzada@bryancave.com
jay.krystinik@bryancave.com
*(Motions to appear pro hac vice pending/forthcoming)

**COUNSEL FOR DEFENDANTS ECLINICALWORKS, LLC, ECLINICALDIRECT, LLC, AND ECLINICALWEB, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated May 26, 2017           Respectfully submitted,

 /s/ Jay L. Krystinik
Zina Gabsi
**Trial Counsel**
Florida Bar No. 73789
BRYAN CAVE LLP
200 South Biscayne Boulevard
Suite 400
Miami, Florida  33131-5354
Ph. (786) 322-7500
Fax. (786) 322-7501

zina.gabsi@bryancave.com

and

Eric P. Schroeder*
Georgia Bar No. 629880
BRYAN CAVE LLP
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Telephone: 404-572-6600
Facsimile: 404-572-6999
eric.schroeder@bryancave.com

and

Keith Miles Aurzada*
Texas Bar No. 24009880
Jay L. Krystinik*
Texas Bar No. 24041279
BRYAN CAVE LLP
2200 Ross Avenue, Suite 3300
Dallas, Texas  75201
Ph. (214) 721-8000
Fax.  (214) 721-8100
keith.aurzada@bryancave.com
jay.krystinik@bryancave.com

*(Motions to appear pro hac vice pending/forthcoming)*

**COUNSEL FOR DEFENDANTS ECLINICALWORKS, LLC, ECLINICALDIRECT, LLC, AND ECLINICALWEB, LLC**

**SERVICE LIST:**

Ryan M. Kelly, Esquire
Florida Bar No. 90110
ANDERSON + WANCA
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
T: 847.368.1500
F: 847.368.1501

Page 8