UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LICARI FAMILY CHIROPRACTIC INC.
and PETER LICARI,

    Plaintiffs,

v.                                                          Case No: 8:16-cv-3461-T-35JSS

ECLINICAL WORKS, LLC,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Defendant Eclinical Works, LLC's Motion to Compel Discovery Responses ("Motion to Compel") (Dkt. 48) and Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Compel Discovery Responses (Dkt. 49). On October 31, 2017, the Court held a hearing on the Motion to Compel. For the reasons stated at the hearing and that follow, the Motion to Compel is denied.

## BACKGROUND

On behalf of itself and others similarly situated, Plaintiffs sue Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as amended by the Junk Fax Prevention Act of 2005, JUNK FAX PREVENTION ACT OF 2005, PL 109–21, July 9, 2005, 119 Stat 359. (Dkt. 1.) Plaintiffs allege that on February 4, 2014, Defendant sent them unsolicited faxes. (Dkt. 1 ¶ 12.) On April 17, 2017, Defendant served Plaintiffs with its First Requests for Production of Documents and Entry of Inspection ("First Request for Production"). (Dkt. 48-1.) Plaintiffs responded on May 17, 2017. (Dkt. 48-2.) Defendant's Motion to Compel seeks documents responsive to request numbers 55, 56, and 57 of Defendant's First Request for Production. (Dkt. 48.) In their response, Plaintiffs indicated that they do not have any documents

responsive to request numbers 56 and 57. (Dkt. 49 at 5.) At the hearing, the parties confirmed that only request number 55 remains in dispute. Request number 55 seeks "[a]ll 'fee sharing' agreements that exist between you and any attorney related to Fax or Phone claims." (Dkt. 48 at 3.) Defendant seeks an order compelling Plaintiffs to provide any fee sharing agreements made between Plaintiffs and Plaintiffs' counsel.

## APPLICABLE STANDARDS

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 37 allows any party "on notice to other parties and all affected persons . . . [to] move for an order compelling disclosure or discovery." *Id.* at 37.

## ANALYSIS

In its Motion to Compel, Defendant seeks to compel Plaintiffs to produce all fee sharing agreements they have entered into with "any attorney" representing them in matters involving "Fax or Phone claims." (Dkt. 48 at 3.) Defendant maintains that the requested fee sharing agreements are relevant to the determination of the class certification issues in dispute in the case. (Dkt. 48 at 5.) Specifically, at the hearing, Defendant argued that fee sharing agreements are relevant to determining the adequacy of representation of the class under Federal Rule of Civil Procedure 23. Defendant argued that it is entitled to any fee sharing agreements between Plaintiffs and Plaintiffs' counsel because if the class representative and Plaintiffs' counsel have any such agreement, the

class representative may be pursuing its own interests and not the interests of the class. According to Defendant, this antagonistic interest could preclude class certification. In response, Plaintiffs argue that fee agreements are not relevant and Defendant fails to establish good cause to compel such discovery. (Dkt. 49 at 2–3.) Plaintiffs further argued at the hearing that fee agreements do not have bearing on the outcome of this case.

Plaintiffs bear the burden of establishing that the requirements for class certification under Rule 23(a) are met. *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000). To sue as a class, the following requirements of Rule 23(a) must be met:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Thus, maintaining a class action requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). With regard to the named plaintiffs acting as class representatives, courts determine whether any substantial conflicts of interest exist between the class representative and putative class members. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987); *Griffin v. Carlin*, 755 F.2d 1516, 1532 (11th Cir. 1985); *Miller v. Wells Fargo Bank N.A.*, No. 1:16-cv-21145-UU, 2017 WL 698520, at *6 (S.D. Fla. Feb. 22, 2017); *In re Takata Airbag Products Liability Litigation*, No. 15-2599, 2016 WL 5844309, at *4 (S.D. Fla. May 23, 2016). The question rests upon "whether Plaintiff and putative class members have 'antagonistic or conflicting claims,' such that Plaintiff cannot fairly and adequately" represent putative class members. *Miller*, No. 1:16-cv-21145-UU, 2017 WL 698520, at *7 (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)).

Here, there is no indication that the fee agreement between Plaintiffs and Plaintiffs' counsel creates a conflict of interest in which Plaintiffs' interests are antagonistic to or in conflict with

putative class members' interests. Thus, Defendant has not presented evidence of a potential conflict that would warrant compelled production of fee agreements. *In re Takata Airbag Products Liability Litigation*, No. 15-2599, 2016 WL 5844309, at *4 (finding engagement letters in class action lawsuits "are not typically relevant, absent an indication that there is a conflict of interest"). In fact, Defendant has made no showing in this regard whatsoever.

Maintaining this action on a class-wide basis also requires an analysis of the adequacy of the putative class' counsel. The court must determine whether "plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation." *Kirkpatrick*, 827 F.2d at 726. Defendant does not dispute that Plaintiffs' counsel are qualified, experienced and capable of conducting the proposed litigation. Thus, the discovery Defendant seeks is neither relevant to a matter in dispute nor proportional to the needs of the case. Moreover, the requested fee sharing agreements would have no bearing on the qualifications or experience of Plaintiffs' counsel.

The fee sharing agreements sought here are neither relevant to either party's claim or defense, nor proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see In re Nissan Motor Corp. Antitrust Litigation*, No. 74CV1652, 1975 WL 166141, *2 (S.D. Fla. June 4, 1975); *see also Bowling v. Pfizer, Inc.*, 102 F.3d 777, 781 (6th Cir. 1996). Therefore, Defendant's request is outside the scope of discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.37 (11th Cir. 1997) ("The scope of allowable discovery is determined by the claims (and defenses) raised in the case.").

Additionally, Defendant's counsel made clear at the hearing that his argument is hypothetical as he does not know whether there is a fee sharing agreement between Plaintiffs and Plaintiffs' counsel or what is included in any fee agreement between them. In other words, Defendant's argument is based on speculation. Although the scope of discovery is broad, "the

putative class members' interests. Thus, Defendant has not presented evidence of a potential conflict that would warrant compelled production of fee agreements. *In re Takata Airbag Products Liability Litigation*, No. 15-2599, 2016 WL 5844309, at *4 (finding engagement letters in class action lawsuits "are not typically relevant, absent an indication that there is a conflict of interest"). In fact, Defendant has made no showing in this regard whatsoever.

Maintaining this action on a class-wide basis also requires an analysis of the adequacy of the putative class' counsel. The court must determine whether "plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation." *Kirkpatrick*, 827 F.2d at 726. Defendant does not dispute that Plaintiffs' counsel are qualified, experienced and capable of conducting the proposed litigation. Thus, the discovery Defendant seeks is neither relevant to a matter in dispute nor proportional to the needs of the case. Moreover, the requested fee sharing agreements would have no bearing on the qualifications or experience of Plaintiffs' counsel.

The fee sharing agreements sought here are neither relevant to either party's claim or defense, nor proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see In re Nissan Motor Corp. Antitrust Litigation*, No. 74CV1652, 1975 WL 166141, *2 (S.D. Fla. June 4, 1975); *see also Bowling v. Pfizer, Inc.*, 102 F.3d 777, 781 (6th Cir. 1996). Therefore, Defendant's request is outside the scope of discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.37 (11th Cir. 1997) ("The scope of allowable discovery is determined by the claims (and defenses) raised in the case.").

Additionally, Defendant's counsel made clear at the hearing that his argument is hypothetical as he does not know whether there is a fee sharing agreement between Plaintiffs and Plaintiffs' counsel or what is included in any fee agreement between them. In other words, Defendant's argument is based on speculation. Although the scope of discovery is broad, "the

discovery rules do not permit the [parties] to go on a fishing expedition." *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006).  Defendant's request for discovery of fee sharing agreements here appears to be an impermissible fishing expedition.

Accordingly, it is **ORDERED** that Eclinical Works, LLC's Motion to Compel Discovery Responses (Dkt. 48) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on November 27, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Counsel of Record